IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| GOOSEBAY HOMEOWNERS ASSOCIATION, LLC, | CV 13-21-H-CCL |
| Plaintiff, | |
| -vs- | |
| BUREAU OF RECLAMATION, U.S. DEPARTMENT OF INTERIOR, MONTANA DEPARTMENT OF FISH, WILDLIFE AND PARKS, RUTH LEFEVER, HOLLIS LEFEVER, | ORDER |
| Defendants. | |

*******

Plaintiff moves for injunctive relief pending appeal. Defendants oppose the motion. The Court has previously denied Plaintiffs' similar request and will deny this motion because Plaintiff is plainly not entitled to this extraordinary relief.

## STANDARD FOR INJUNCTION PENDING APPEAL

The same standards that apply to a motion for preliminary injunction apply to a motion for preliminary injunction pending appeal. *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

Federal Rule of Civil Procedure 62(c) provides that

> [w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's interests...."

The four relevant factors considered by the Court in analyzing the motion for injunction pending appeal are these: (1) whether Plaintiff is likely to succeed on the merits, (2) whether Plaintiff is likely to suffer irreparable harm absent an injunction, (3) whether the balance of equities tips in Plaintiff's favor, and (4) whether the injunction is in the public interest. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). Plaintiff must "shoulder the burden" of meeting these four factors. *See Fund for Animals v. Clark*, 27 F.Supp.2d 8, 10 (D.D.C. 1998). "[P]laintiffs must establish that irreparable harm

is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (*citing Winter*, 129 S.Ct. at 375-76). In the alternative, utilizing the Serious Questions Test, Plaintiffs may show that there are serious questions on the merits, the balance of hardships tips sharply in Plaintiffs' favor, and the injunction is in the public interest. *Id*.

## DISCUSSION

In bringing this motion for an injunction pending appeal, Plaintiff HOA has not raised any new issues that have not already been considered by this court. Having already reviewed and rejected Plaintiff's arguments (ECF No. 25), the Court need not address the issues again in depth. *See Lands Council v. Packard*, 391 F.Supp.2d 869, 871 (D. Idaho 2005). Before addressing the injunction criteria, the Court clarifies Plaintiff's allegation of violation of court order.

   1. <u>Alleged Violation of Court Order.</u>  Plaintiff HOA now asserts that the BOR has violated this Court's April 22, 2013, Order (ECF No. 25) by BOR's termination of their water and septic service. Unlike Plaintiff, however, this Court

3

does not view this action as a violation of the Court's Order.  Plaintiff HOA has been aware that its members remain on BOR property after December 31, 2012 (the date of expiration of the concessionaire's Lease and Permit), only by the courtesy and permission of the BOR.  After December 31, 2012, the utilities services were transferred from the former concessionaire to the BOR.

In September, 2012, the BOR informed HOA members that they could remain on-site after December 31, 2012, "in a disconnected status," until April 30, 2013, meaning that the mobile homes would have no electricity, no water service, and no septic service after December 31, 2012.  (ECF NO. 17-3, Ex. 103.)  This was a courtesy extended by the BOR so that HOA members would not have to remove their mobile homes in the middle of winter.  Prior to the filing of this lawsuit at the end of February, 2013, the mobile homes' "disconnected status" was and still is the status quo.[1]  Thus, this Court does not agree that termination of

---

[1] This Court certainly did not rule "that Goose Bay HOA's rights terminate on April 30, 2013, [so that therefore] the BOR had no right to take any action against the HOA [before that date]."  (Pl.'s Brief in Supp. at 3.)  BOR's purpose in permitting the mobile homes to remain on its property "in a disconnected status"

water supply and septic service on April 23, 2013, violates this Court's Order.

    2. <u>Success on the Merits of Plaintiff's NEPA claim</u>.  For this most recent motion pending appeal, Plaintiff HOA submits the 2009 Draft Environmental Assessment prepared by the BOR for its initial planning of the Goose Bay Marina modernization project.  Plaintiff asserts that this draft document fails to consider any environmental impact caused by removal of their mobile homes.  Indeed, this draft document barely mentions the existence of the 31 mobile homes and certainly does not predict the future of the mobile homes.  As in its prior brief (ECF No. 22), Plaintiff HOA seeks to avoid eviction by claiming that there is no NEPA documentation to support the April 30 eviction of the mobile homes.  This argument has no merit.

    Plaintiff HOA members are being evicted because they lost their mobile home rental contracts, not because the NEPA planning process dictates that they

---

after December 31, 2012, was to extend a courtesy to the HOA members by not requiring them to remove their mobile homes during the winter.  (ECF NO. 17-3, Ex. 103.)

should be evicted.  The concessionaire lost the right to manage the marina on December 31, 2012, and that written contract required the concessionaire to remove all its property within 90 days--including the 31 mobile homes at issue in this case.  (The trailer spaces were rented by the concessionaire to the mobile home owners by oral agreements).

The 2009 NEPA documentation relating to the planning process for Goose Bay Marina is simply not related to this eviction.  As stated in the prior Order, Plaintiff HOA members' removal of their mobile homes is a private action, not a federal agency action.  There has been no final agency action that would allow Plaintiff to seek legal review of their eviction under the Administrative Procedures Act.  5 U.S.C. § 704.  The evictions stem solely from Plaintiff HOA members' loss of their rental contracts when the concessionaire's right to manage the marina and thus rent the trailer spaces was extinguished.

The NEPA planning process for the future of the marina and the evictions are progressing along separate tracks that do not intersect.  Because there is no final agency action appropriate for judicial review, this Court lacks subject matter

jurisdiction over Plaintiff HOA's NEPA claim. The Court has considered whether Plaintiff is likely to succeed on the merits of its NEPA claim, and found it to be unlikely.

    3. <u>Irreparable Harm</u>. The Court has also considered whether Plaintiff HOA is likely to suffer irreparable harm absent an injunction and finds no likelihood of irreparable harm. These are not primary residences, but summer vacation properties. Because they are mobile homes, they can be fairly easily transported away from BOR property. Should it be determined at a later date that the 31 mobile home owners do have the right to rent trailer spaces from the BOR at the Goose Bay Marina, the HOA members' mobile homes can be returned to Goose Bay Marina just as easily as they were removed. The Court concludes that there is no likelihood that Plaintiff HOA will suffer an irreparable harm.

    4. <u>Balancing the Equities</u>. A balancing of the equities does not tip in Plaintiff HOA's favor. While Plaintiff HOA members have developed a sentimental attachment to the BOR's facility, they have no legal right to use it. Meanwhile, the BOR's policy has shifted to one of prohibiting this type of private

exclusive use of public property.[2]  Now that Plaintiff HOA has lost the right to its private exclusive use of the trailer court at Goose Bay Marina, it is highly unlikely that HOA can get it back.  In essence, Plaintiff HOA is clinging to a privilege that it no longer possesses, and it is a privilege that is no longer granted by BOR policy.

    5.  <u>The Public Interest</u>.  If an injunction were entered, the BOR could not continue to conduct planning for the future of the Goose Bay Marina facility because the entire marina septic system is currently connected to the trailer court's failing septic system (which also, unfortunately, encroaches upon Defendant Lefevers' private land).  There is no authorized concessionaire to operate the Goose Bay Marina, and the BOR cannot issue a request for proposals for a new

---

[2] *See* 43 C.F.R. § 429.31(b) ("Reclamation prohibits any use that would result in new private exclusive recreational or residential use of Reclamation land, facilities, or waterbodies as of the effective date of this part.  *Improvements that are within the terms and conditions of an existing authorization will not be considered new private exclusive recreational or residential use.*").  Significantly, the Plaintiff HOA's trailer court is no longer within the terms and conditions of an existing authorization, since the Lease and Permit expired on December 31, 2012.

concessionaire without having conducted the necessary planning for, at a minimum, a modernized and code-compliant septic system. Thus, if an injunction enters, all planning is likely to halt, and the ability of Goose Bay Marina to function as a public recreation facility will be jeopardized. The Court concludes that an injunction is not in the public interest.

## CONCLUSION

This Court has determined that Plaintiff is not likely to succeed on the merits of the underlying litigation and that Plaintiff has not presented serious questions on the merits. Plaintiff HOA will not suffer irreparable harm by its eviction from Goose Bay Marina. The balance of hardships does not tip in Plaintiff's favor. The public interest would not be served by granting the injunctive relief requested. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Injunction Pending Appeal (Doc. 28) is DENIED.

Done and Dated this 29th day of April, 2013.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE